# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DIEGO TUNSTAL,** *et al.*, | CASE NO. 1:17 CV 313 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| vs. | |
| **JEFFREY PARNELL,** *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff Diego Tunstal filed this action on behalf of himself and two of his minor children, against Officer Jeffrey Parnell, the Cleveland Police Department, the Cuyahoga County Sheriff's Department, and the Federal Bureau of Investigation ("FBI"). In the Complaint (Doc. # 1), Tunstal contends various officers employed by the Defendants have collided with his vehicle during surveillance. He does not specify the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. #2). That Application is granted.

## I. BACKGROUND

Tunstal's Complaint is brief. He claims he was arrested in February 2011 and was "abused by police." (Doc. #1 at 1). He alleges various officers of the Cleveland Police Department, the Cuyahoga Sheriff's Department, and the FBI went to his medical appointments and posed as employees at his jobs. He contends an officer collided with his truck in 2012. He contends Officer Parnell posed as a doctor to question him and on February 15, 2015, backed

into his vehicle. He asserts no legal cause of action and does not specify the relief he is requesting from this Court.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III.  ANALYSIS

As an initial matter, Tunstal cannot bring claims on behalf of his children. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. *Meeker v. Kercher*, 782 F.2d

---

[1]  28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990). Tunstal is not a licensed attorney and therefore is not authorized to represent any of the children in court. He can only represent himself in this matter.

Tunstal, however, fails to state a claim upon which relief may be granted. Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir.1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Tunstal does not specify a cause of action and none is apparent on the face of the Complaint. He does not specify the relief he seeks. This pleading does not include sufficient information to establish this Court's subject matter jurisdiction or meet the basic pleading requirements of Federal Civil Procedure Rule 8.

### IV. CONCLUSION

Accordingly, Tunstal's Application to Proceed *In Forma Pauperis* (Doc. #2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

                                                                               s/*Dan Aaron Polster*       June 13, 2017
                                                                  **DAN AARON POLSTER**
                                                                 **UNITED STATES DISTRICT JUDGE**

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.